UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CR-23-163-G |
| | ) |
| CHAD HENRY JONES, | ) |
| | ) |
| Defendant. | ) |

# ORDER

Now before the Court is a Motion in Limine (Doc. No. 46) filed through counsel by Defendant Chad Henry Jones. The Government did not respond to the Motion in Limine within the time allowed by local rule. *See* LCrR 12.3. At the hearing of September 11, 2023, the Court permitted counsel for both parties to present argument regarding the Motion.

*I. Background*

Defendant has been charged in a one-count indictment with possession of a firearm after a prior felony conviction, in violation of 18 U.S.C. § 922(g)(1). The case is set for trial on the Court's September 2023 docket.

On September 5, 2023, the Government filed a Notice (Doc. No. 43) pursuant to Federal Rule of Evidence 404(b)(3). The Notice identifies the following as "[e]vidence of any other crime" that the Government intends to offer at trial to show Defendant's "knowledge" and "intent," as well as an "absence of mistake" and a "lack of accident":

> [E]vidence that on November 17, 2017, Chad Henry Jones was convicted in Oklahoma County District Court, case number CF-2017-3287, of being a

felon in possession of a firearm.

Fed. R. Evid. 404(b)(1), (2); Gov't's Notice at 1.

## II. Defendant's Motion in Limine

Defendant's Motion in Limine objects that the Government improperly seeks to introduce this evidence for propensity purposes and that the evidence is otherwise inadmissible under Rule 403 of the Federal Rules of Evidence. *See* Def.'s Mot. at 1-4. Defendant further argues that admission of the details of the 2017 conviction is unnecessary because Defendant "has agreed to stipulate that he is a convicted felon and that he knew he was a convicted felon on the date of the alleged offense." *Id.* at 4.

Federal Rule of Evidence 404(b) prohibits the admission of "[e]vidence of any other crime, wrong, or act . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Such evidence, however, "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *Id.* R. 404(b)(2).

Even if an item of evidence is admissible under Rule 404(b)(2), it may be subject to exclusion under Federal Rule of Evidence 403. *United States v. Silva*, 889 F.3d 704, 712 (10th Cir. 2018); *see also Old Chief v. United States*, 519 U.S. 172, 180 (1997).

> Rule 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." "'Unfair prejudice' within its context means an undue tendency to suggest [a] decision on an improper basis, commonly, though not necessarily, an emotional one." Fed. R. Evid. 403 advisory committee note to 1972

proposed rules. "[A]s to a criminal defendant, [it] speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Old Chief*, 519 U.S. at 180. In deciding whether to exclude evidence under Rule 403, "consideration should be given to the probable effectiveness or lack of effectiveness of a limiting instruction" and "[t]he availability of other means of proof." Fed. R. Evid. 403 advisory committee note to 1972 proposed rules.

> The district court has considerable discretion in performing the Rule 403 balancing test, but exclusion of evidence under Rule 403 that is otherwise admissible under the other rules is an extraordinary remedy and should be used sparingly. The district court need not expressly state whether the probative value of the evidence substantially outweighed its potential for unfair prejudice where th[ose] determinations are supported by the record.

*Silva*, 889 F.3d at 712 (alterations in original) (citations and internal quotation marks omitted).

Having considered the parties' arguments, the Court concludes that, even assuming that evidence of the 2017 conviction could be admissible for a proper purpose under Rule 404(b)(2), the probative value of such evidence "is substantially outweighed by a danger of . . . unfair prejudice." Fed. R. Evid. 403.

As to probative value, Defendant has offered a stipulation that "fully satisfies" the felon-status and knowledge-of-status elements of 18 U.S.C. § 922(g)(1). *Silva*, 889 F.3d at 715; *see* Def.'s Mot. at 4. This stipulation will "enable[] the government to 'satisfy the jurors' expectations about what proper proof should be.'" *Silva*, 889 F.3d at 715. And the Government has not adequately shown that a conviction that occurred nearly six years ago, for which the underlying facts have not been provided, otherwise would significantly assist in proving any of the remaining elements of the charge.

With respect to unfair prejudice, the Supreme Court has explained that in a §

3

922(g)(1) prosecution, "[w]here a prior conviction was for a gun crime or one similar to other charges in a pending case[,] the risk of unfair prejudice would be especially obvious." *Old Chief*, 519 U.S. at 185.  In the instant case, the "name and nature" of Defendant's prior felon-in-possession conviction "turn[] the Rule 403 balance against the government." *Silva*, 889 F.3d at 715; *see also Old Chief*, 519 U.S. at 180-81 (explaining that "unfair prejudice" "means an undue tendency to suggest decision on an improper basis" and such an improper basis includes "generalizing a defendant's earlier bad act into bad character and taking that as raising the odds that he did the later bad act now charged (or, worse, as calling for preventive conviction even if he should happen to be innocent momentarily)" (internal quotation marks omitted)).  The Government's proposed evidence must be excluded under Rule 403 where, as here, "equally probative but less prejudicial alternative evidence—the stipulation of a prior felony conviction—[is] available."  *Silva*, 889 F.3d at 713; *accord United States v. Tan*, 254 F.3d 1204, 1212 (10th Cir. 2001) ("In *Old Chief*, the Supreme Court held that where a defendant stipulates to the status of being a convicted felon in an 18 U.S.C. § 922(g) prosecution, evidence of the crime giving rise to the status will generally fail the Rule 403 balancing test.").

## CONCLUSION

In accordance with the above, Defendant's objection to the cited evidence is

5

SUSTAINED, and Defendant's Motion in Limine (Doc. No. 46) is GRANTED.

IT IS SO ORDERED this 12th day of September, 2023.

_____
CHARLES B. GOODWIN
United States District Judge